Home Equity Mtge. Trust Series 2006-5 v DLJ Mtge. Capital, Inc. (2018 NY Slip Op 02310)





Home Equity Mtge. Trust Series 2006-5 v DLJ Mtge. Capital, Inc.


2018 NY Slip Op 02310


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6188N 653787/12

[*1] Home Equity Mortgage Trust Series 2006-5, Plaintiff-Appellant,
v
DLJ Mortgage Capital, Inc., et al., Defendants-Respondents.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (Philippe Z. Selendy of counsel), for appellant.
Orrick, Herrington & Sutcliffe LLP, New York (Richard A. Jacobsen of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 28, 2017, which, to the extent appealed from, granted defendants' motion to preclude plaintiff from relying on borrowers' employment and income information obtained from the borrowers' employers through Verification of Employment forms, unanimously affirmed, with costs.
Plaintiff presents no grounds on which to disturb the court's exercise of discretion in precluding it from relying on the information about borrowers' employment and income that it obtained from the borrowers' employers by means of a Verification of Employment (VOE) form. Whether or not the broader-form authorizations signed by certain borrowers in connection with their mortgage loan applications authorized plaintiff's requests for some of the VOEs, plaintiff failed to show that every VOE at issue here correlates to a loan whose application contained such an authorization.
We reject plaintiff's argument that, in light of Matter of Part 60 RMBS Put-Back Litigation (2017 NY Slip Op 32161[U] [Sup Ct, NY County, Oct. 13, 2017]), the court's ruling creates a split within the Commercial Division. Here, the court did not, as plaintiff contends, hold employer verification discovery inadmissible per se. Rather as a sanction for the manner in which plaintiff obtained the information, the court appropriately exercised its discretion to suppress certain information.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK